M. J. Corbett & Co. (Inc.) *v.* United States (No. 3506)[1]

[1] T. D. 45965.

United States Court of Customs and Patent Appeals, October 31, 1932

*John R. Rafter* (*Harry M. Farrell* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*William Whynman* and *Peter A. Abeles,* special attorneys, of counsel), for the United States.

[Oral argument October 7, 1932, by Mr. Rafter and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant imported certain pocket knives at the port of Baltimore, which it entered at a claimed foreign-market value of 50 cents per dozen, less a discount of 2 per centum, plus the cost of packing, the dutiable value thus arrived at being 50 cents per dozen, net, packed. The local appraiser, not being satisfied with this valuation, appraised the merchandise at 70 cents per dozen, which he found to be the dutiable, or export, value. The appellant appealed to reappraisement, and on a hearing before a single judge its entered value was sustained. Thereupon the Government applied for a review of said decision, and upon review the Third Division of the United States Customs Court reversed the decision of the single judge and found that the appraisement, as fixed by the local appraiser, was the dutiable value of the merchandise. From this judgment the appellant has appealed to this court.

From the record and samples it appears that the goods in question are a cheap quality of 2-bladed pocket knife, commonly known as Barlow. It also appears that the goods were ordered by American Wholesale Corp. from Peter Altenbach & Sohne on January 17, 1929. Altenbach & Sohne, at its principal place of business at Richrath, Germany, was, at that time, a manufacturer of this grade of knives. This order was made as the result of a cabled inquiry and a quoted price of $1.60 per dozen.

A confirmation of the cabled order appears in the record under date of January 18, 1929. This confirmation is, so far as material, here quoted:

OHLIGS, 18. JANUAR 1929.

Confirmation of your order as per your cablegram of the 14th inst. (Acceptance—Report.)

For Messrs. American Wholesale Corporation, Baltimore:
Delivery: Railway and steamer.

Time of Delivery: March.
Terms of Delivery: F. o. b. Baltimore, duty paid.
Terms of Payment: Net cash against invoice.
Fulfillment of delivery and payment is Ohligs. Subject to confirmation by our Ohligs Office.
Our Reference: No. A 15/93 given by Ohligs Office.
Quantity: 500 doz. Article: Pocket Knives Nr. 923.SH your number 6519.
Price: $1.60 p. doz.
Packing: 1 doz. in a box.

The goods were received and entered in pursuance of said order by M. J. Corbett & Co., the appellant, and were ultimately delivered to American Wholesale Corp. at a net price to the exporter, which the record shows was 70 cents per dozen, the exporter having caused the duty to be·first paid.

The court below made certain findings of fact which are as follows:

1. The merchandise consists of pocket knives imported from Germany.
2. The export value of the merchandise is higher than the foreign value thereof.
3. The export value of the merchandise is the dutiable value thereof.
4. The price at which such or similar merchandise to that involved herein was freely offered for sale to all purchasers in the principal market of Germany, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, was 70 cents per dozen, packed.

We conclude, as matter of law, that the dutiable value of the merchandise is as set forth in paragraph 4 of the findings of fact. Therefore the decision of the trial court is reversed.

Criticism is made of the form of this finding. It is suggested by counsel for the appellant that finding No. 4 includes the elements specified by section 402 (b) of the Tariff Act of 1922, as applied to foreign value, whereas said finding No. 4 attempts to apply it to export value. In that respect it is contended the court below was in error.

While it is true that, probably by inadvertence, the court quoted the language applicable to a foreign value in said finding, it is quite obvious, from the findings as a whole, that the Third Division intended by said finding to state that the goods in question had not only a foreign but an export value as well, as defined by said section 402 (c); that the export value was the higher of the two; and that said export or dutiable value was 70 cents per dozen, packed.

We are not disposed to reverse the judgment of the court below on a mere technicality such as this, when it is quite obvious what the findings were intended to convey.

The question now arises whether, under the facts appearing in the record herein, there is any substantial evidence to support the judgment of the court below, finding an export value of 70 cents per dozen. If there be such substantial evidence the judgment must be affirmed.

There is considerable evidence in the record bearing upon the question of the price or prices at which the merchandise is sold in Germany for home consumption and for export. Whether such evidence does or does not establish a foreign or export value at some other figure than that found by the court below is not important to the determination of this appeal. But one question is presented, whether the export value found by the Third Division is supported by substantial evidence.

The record shows but the one sale, the one here involved, for export, at 70 cents per dozen. There is some showing in the special report of the customs attaché that other sales were made by the Altenbach company to the importer, but the price at which they were made does not appear. Hence, the matter must be decided on this one sale.

One sale may establish export value if all the statutory requirements have been satisfied. *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276.

It is contended by counsel for appellant that the shipment of the goods in question was made to the appellant, M. J. Corbett & Co., an agent of the exporter, pursuant to an agreement to purchase, for delivery to the purchaser, the American Wholesale Corp., and that the title to the merchandise remained in the seller until such delivery.

We are inclined to this view of the matter. The confirmation of the order to ship plainly demonstrates this, and, although some question is raised as to the particular language, "Fulfillment of delivery and payment is Ohligs," we find upon examination of the original, that this is part of a printed form which was used, and that the particular terms upon which this importation was made were contained in the language which was plainly written into the blank at the time it was executed, namely, "Terms of Delivery: F. o. b. Baltimore, duty paid."

The importer argues that the court below erred in finding an export value of 70 cents per dozen, net, because the transaction shown by the record herein comes within the class of transaction which the statute says shall not constitute proof of export value, as follows:

If in the ordinary course of trade imported merchandise is shipped to the United States to an agent of the seller, or to the seller's branch house, pursuant to an order or an agreement to purchase (whether placed or entered into in the United States or in the foreign country), for delivery to the purchaser in the United States, and if the title to such merchandise remains in the seller until such delivery, then such merchandise shall not be deemed to be freely offered for sale in the principal markets of the country from which exported for exportation to the United States, within the meaning of this subdivision.

There is no proof in the record as to what the ordinary course of trade in this merchandise in Germany was at the date of exportation. Even if it might be held that this one isolated transaction was in the

ordinary course of trade, no export value would be established because of the hereinbefore-quoted provision of the statute.

Therefore, there being but the one transaction at 70 cents per dozen, net, shown by the record, it follows there is no substantial evidence in the record in support of the finding of the court below. The judgment of the United States Customs Court, Third Division, is therefore *reversed*, and the cause is *remanded* with directions to make a further finding as to whether any other dutiable value is shown by the record, and, if so, what such dutiable value is, or to make such further order in the premises as may be required by law.